## STATE OF NEW JERSEY v. PHILIP GOLDBERG AND MOR- RIS DRUIN.

### Decided October 7, 1925.

Crimes—Conspiracy to Burn Building of One Defendant—Objections to Court Ruling on Evidence Disregarded—Court's Requirement That Counsel Sum Up in Ten Minutes Not Error, the Requirement Not Having Been Enforced—Evidence Admitted Tentatively, on Condition That Conspiracy is Afterward Proved, is Not Error if Jury Finds Conspiracy— Overt Act in Execution of Alleged Conspiracy Proven—Refusal of Request to Charge That Questions of Reasonable Doubt of Truth of Any Testimony Must Be Resolved in Favor of Defendant, Sustained as Without Legal Foundation.

On writ of error to the Passaic Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiffs in error, *Weinberger & Weinberger.*

For the state, *J. Willard De Yoe,* prosecutor of the pleas.

PER CURIAM.

The defendants were convicted on an indictment charging them with a conspiracy to set fire to a building belonging to Druin, for the purpose of defrauding certain insurance companies. The trial of the indictment resulted in the conviction of each of the defendants, and the present writ of error is sued out to review the validity of that conviction.

The first ground of reversal is directed at the refusal of the court to permit a witness named Kantor, called by the defendant Druin, to answer the following question: "Do you know what his [Druin's] reputation was in the city of Passaic for being a man of honesty and propriety?" This question, we think, was properly excluded. The territory covered was too broad. It should have been limited to the neighborhood in which the defendant resided. But even if

the exclusion of the question was improper the ruling was harmless, for the reason that immediately after the witness was asked if he knew the reputation of Druin in the neighborhood in which he resided for being a good law-abiding citizen, to which the witness replied, "I never ·heard anything against him." Immediately after this answer was given the witness was asked, "Do you know what it is, good or bad?" To which the witness answered, "If you don't hear things about a person's reputation I suppose it is good."

The next ground of reversal is that the court erroneously refused to permit a witness named Whitehead to answer the following question: "How have the people you have known acted toward him [that is Druin] in the community?" This question was directed at a matter which was entirely immaterial, and we think was properly excluded.

The third ground of reversal is that the court committed harmful error in requiring counsel to sum up in ten minutes, in their respective cases, against the protest of counsel for defendants. Although the state of the case shows that at the close of the testimony the court so directed, it does not appear that this order was complied with by counsel, much less that it was enforced by the court. On the contrary, it is stated by the prosecutor of the pleas, in his argument before us, that counsel for each of the defendants consumed half an hour in their summing up; and this statement is not denied by counsel for defendants. In this situation of the case we cannot say that, even if the trial court was guilty of an abuse of discretion in the original limiting of the time to be consumed by counsel in their respective arguments, the defendants suffered injury thereby.

The fourth ground of reversal is that the court improperly refused to permit an insurance adjuster called by the state to be asked, on his cross-examination, whether or not he had had considerable experience in adjusting fire losses. The question was asked, as counsel stated, for the purpose of affecting the credibility of the witness, he having been called by the state to testify as to the value of the insured property. An answer to the question put, whether in the

affirmative or negative, would have had no bearing on the question of the witness' credibility, and the exclusion of the question was therefore proper.

The fifth ground of reversal is directed at the exclusion of a similar question put on cross-examination to another one of the state's witnesses. What we have already said disposes of this point.

The sixth ground of reversal urged is that the court erred in permitting the introduction into evidence by the state of two cans found upon the premises, one of which contained crude kerosene and the other alcohol. The objection to the admission of these articles as evidence was that they were incompetent unless the conspiracy averred in the indictment was proved. The court admitted them tentatively, that is, upon condition that the state afterwards prove the existence of the conspiracy. This the state did, according to the finding of the jury, and this being so the testimony was competent so far as the objection to it was concerned.

The seventh ground of reversal was directed at a ruling of the trial court permitting the witness Edelstein to testify that a witness called by the defendant, named Greenberg, who was the attorney for the defendant Druin, has asked him to go easy with the latter. Edelstein, at that time, was a special agent of the department of justice. The testimony was offered for the purpose of impeaching the credit of Greenberg, who had previously denied making any such request of Edelstein. It was competent for this purpose.

The eighth ground of reversal is based upon the alleged error of the court in refusing to direct an acquittal on the ground that no overt act in the execution of the alleged conspiracy had been proven. The refusal was proper, for there was an abundance of evidence upon that point.

The ninth and last ground of reversal is directed at the refusal of the trial court to charge the following request submitted by the defendants' counsel: "If there is in the mind of the jury a reasonable doubt as to the truth of any testimony on the part of the state, such doubt must be resolved in favor of the defendant by the rejection of such

testimony. If there is a reasonable doubt as to the truth or untruth of any testimony on the part of the defendant, such doubt must be resolved in favor of the defendant by treating such testimony in his favor, as though unquestionably true and correct." This request was properly refused, as it had no legal foundation to support it.

The matters which we have discussed embrace all of the reasons for reversal or assignments of error which have been argued on the part of the defendants.

Our conclusion is that the judgment under review should be affirmed.